Gus Maxwell
Brian S. Uholik
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-0135 (Maxwell)
(202) 305-0733 (Uholik)
gustavus.maxwell@usdoj.gov
brian.uholik@usdoj.gov

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

UNITED STATES OF AMERICA,

Plaintiff,

v.

BROCK MASLONKA,

Defendant.

No. 2:20-cv-304-SAB

**FIRST AMENDED COMPLAINT**

The United States of America, by the authority of the Attorney General and at the request of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d). The United States seeks injunctive relief and civil penalties against Brock Maslonka ("Defendant") for the discharge of dredged and/or fill materials into waters of the United States in Pend Oreille County, Washington, without authorization by the United States

COMPLAINT - 1

Department of the Army, in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a).

2. The property that is the subject of this Complaint ("the Site") is located along Washington State Highway 20 in Pend Oreille County, Parcel Number 443307509002, within Section 7, Township 33 North, Range 44 East. This real estate is identified in Exhibit A.

3. In this action, the United States seeks to: (1) enjoin the discharge of pollutants into waters of the United States without a permit, in violation of CWA section 301(a), 33 U.S.C. § 1311(a), at or from the Site; (2) enjoin Defendant to comply with the CWA's requirements; (3) require Defendant, at his own expense and at EPA's direction, to restore and/or mitigate the damages caused by his unlawful activities; and (4) pay civil penalties as provided in section 309(d) of the CWA, 33 U.S.C. § 1319(d).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to section 309(b) of the CWA, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, and 1355.

5. Venue is proper in the Eastern District of Washington under CWA section 309(b), 33 U.S.C. § 1319(b), and under 28 U.S.C. § 1391(b) and (c), because Defendant resides in this District, the subject property is located in this District, and the cause of action alleged in the Complaint arose in this District.

6. Notice of the commencement of this action has been provided to the State of Washington as required by CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

7. The Plaintiff is the United States of America. The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

8. Defendant is a private individual who resides and conducts business in the Eastern District of Washington. Upon information and belief, Defendant resides or at one time resided at 417372 Highway 20, Cusick, Washington, 99119.

9. Upon information and belief, at all times relevant to the Complaint, Defendant either owned and/or otherwise controlled the Site that is subject of this Complaint and/or otherwise controlled the activities that occurred on such property.

## STATUTORY AND REGULATORY BACKGROUND

10. The CWA's purpose is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

11. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia,* a permit issued under CWA section 402 or 404, 33 U.S.C. §§ 1342 or 1344, or by other CWA provisions not applicable here. Strict liability applies under the CWA.

12. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the U.S. Army Corps of Engineers ("Corps"), to issue permits for the discharge of dredged and/or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

13. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

14. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, among other things, dredged spoil, rock, sand, and cellar dirt.

15. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

16. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

17. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

18. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19. CWA section 309(d), 33 U.S.C. § 1319(d), likewise authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

**FACTUAL BACKGROUND**

20. Upon information and belief, Defendant purchased the Site in 1992. The Site comprises approximately 158 contiguous acres located in Pend Oreille County, Washington.

21. Upon information and belief, at all times relevant to this Complaint, Defendant owned, controlled, and/or operated the Site.

22. Perkins Slough, a perennial stream and tributary of the Pend Oreille River with a relatively permanent flow into the receiving water, flows from west to east across the Site.

23. Perkins Slough's flow exits the Site along the eastern boundary and converges with the Pend Oreille River less than a mile downstream of the Site.

24. The Pend Oreille River, a tributary of the Columbia River, flows across parts of Idaho, Washington, and Canada and is currently used, was used in the past, and is susceptible to use in interstate and/or foreign commerce, and is a traditional navigable water ("TNW") under the Rivers and Harbors Act, 33 U.S.C. §§ 403, 404.

25. The Pend Oreille River and its associated marshes and wetlands are a haven for fish, wildlife, and visitors who wish to recreate and/or simply experience the area's natural beauty.

26. Perkins Slough serves as an important feeding area for waterfowl, an important source of aquatic macrophytes, and an important backwater habitat to the Pend Oreille River. The Slough transports a relatively permanent flow of water to the Pend Oreille River, supporting the River's navigability, augmenting pollutant assimilation, and supporting the River's flora and faunal assemblages. For example, the Pend Oreille River is critical habitat for the threatened Bull Trout, and its tributaries, including Perkins Slough, transport a steady volume of water to the Pend Oreille River to provide habitat for this and other species.

27. The Pend Oreille River is one of the most prominent waterways in the northwestern United States, draining an area of about 25,000 square miles and ultimately flowing into another TNW—the Columbia River, which—in turn—ultimately flows into the Pacific Ocean.

28. Perkins Slough is a "water of the United States" within the meaning of the CWA.

29. Beginning in or around September 2015, at times best known to Defendant, Defendant and/or persons acting on his behalf, caused fill material to be discharged into Perkins Slough at the Site, approximately 0.7 miles from the mouth of the Slough. This discharge created an earthen dam across the Slough approximately 100 feet wide and 200 feet long that blocks the flow of water.

30. In or around February 2016, the dam caused impounded water to back up to or flood Washington State Highway 20.

31. Defendant then breached the dam to mitigate this water backup, causing part of the dam to fail and additional fill material to be discharged into Perkins Slough.

32. Defendant used mechanized land-clearing and earth-moving equipment, including a Bucyrus-Erie excavator and Caterpillar D6 bulldozer, to accomplish the discharges described in Paragraphs 29 through 31.

33. On or about October 16, 2015, the Corps, the Washington Department of Fish and Wildlife ("WDWF"), the Washington Department of Ecology ("Ecology"), and the Pend Oreille County Community Development Department ("County"), conducted a Site visit to observe the dam.

34. On or about November 19, 2015, WDWF issued a letter to Defendant notifying him that his construction of the dam across Perkins Slough was unauthorized and requesting its removal.

35. On or about January 29, 2016, the County issued a letter to Defendant stating that the dam violated the Pend Oreille County Development Regulations and Shoreline Master Program and requesting that the fill be removed from Perkins Slough and the Site restored.

36. On or about February 8, 2016, Ecology issued a letter to Defendant informing him that it was investigating his activities on the Site and requesting that he remove the fill placed into Perkins Slough.

37. On or about April 26, 2016, WDFW issued a letter to Defendant reiterating that the dam project was unpermitted and directing him to obtain the necessary permits to remove the dam and restore the Site. Defendant responded to WDFW on or about May 2, 2016, explaining that he did not agree to remove the dam.

38. On March 8, 2018, the Corps issued a letter to Defendant notifying him that his activities on the Site were unauthorized and that he was in violation of CWA section 404 and directing him to cease all work below Perkins Slough's ordinary high water mark. This letter also informed Defendant that EPA would serve as the lead enforcement agency to resolve the alleged violations.

39. The dam Defendant constructed remains in place at the Site and continues to encumber Perkins Slough.

40. The activities described in Paragraphs 29 through 31 and Paragraph 39 resulted in the unauthorized discharges of "pollutants," as defined in CWA

COMPLAINT - 7

section 502(6), 33 U.S.C. § 1362(6), including fill material, into Perkins Slough at the Site.

41. Defendant did not obtain a permit from the Corps for the discharges of dredged and/or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

42. Upon information and belief, Defendant conducted, supervised, or otherwise controlled the unauthorized discharges described in Paragraphs 29 through 31 and Paragraph 39.

43. Defendant has not taken corrective action and/or provided compensatory mitigation for the losses to waters of the United States.

## CLAIM FOR RELIEF

44. Plaintiff re-alleges Paragraphs 1 through 43 and incorporates those allegations by reference.

45. Defendant is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

46. Perkins Slough is a perennial stream and tributary to the Pend Oreille River, a TNW and the Slough is a "water of the United States" within the meaning of CWA section 502(7), 33 U.S.C. § 1362(7).

47. Perkins Slough flows from the Site and joins with the Pend Oreille River less than one mile to the east of the Site. A relatively permanent connection and significant nexus exist between the Slough and the Pend Oreille River. The Slough, either alone or in combination with similarly situated waters in the region, significantly affect the chemical, physical, and biological integrity of downstream waters, including the Pend Oreille River. The Pend Oreille River is currently used,

COMPLAINT - 8

was used in the past, and is susceptible to use in interstate and/or foreign commerce.

48. Through the activities described in this Complaint, Defendant and/or persons acting on his behalf caused dredged and/or fill material to be discharged into Perkins Slough. The dredged or fill material that Defendant and/or persons acting on his behalf caused to be discharged includes, *inter alia*, dredged spoil, rock, sand, and/or cellar dirt, all of which are "pollutants" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6).

49. Defendant and/or persons acting on his behalf used mechanized land-clearing and earthmoving equipment to cause the discharges. These types of equipment are "point source[s]" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

50. Defendant did not obtain a permit from the Corps for the discharges of dredged and/or fill material into waters of the United States, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344. Defendant was not authorized to discharge dredged and/or fill material into waters of the United States at the Site.

51. Defendant owned and/or otherwise controlled the property on which each unauthorized discharge of dredged and/or fill material into waters of the United States occurred.

52. Defendant planned, conducted, directed, contracted for, supervised and/or otherwise controlled and/or participated in the unauthorized activities at issue on the Site.

COMPLAINT - 9

53.     Therefore, by engaging in unauthorized discharges of dredged and/or fill material into Perkins Slough, Defendant has violated and continues to violate CWA section 301(a), 33 U.S.C. § 1311(a). Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

54.     Under CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), Defendant is subject to injunctive relief and civil penalties for violating CWA section 301(a), 33 U.S.C. § 1311(a).

55.     Unless enjoined, Defendant is likely to continue to allow dredged and/or fill material to remain in waters of the United States at Perkins Slough in violation of CWA section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

Plaintiff the United States respectfully requests that this Court order the following relief:

1.      That Defendant be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2.      That Defendant be enjoined to undertake measures, at his own expense and at the direction of EPA, to completely restore the Site and conduct mitigation for irreversible environmental damage;

3.      That Defendant be enjoined to comply with the CWA's requirements and its implementing regulations in the future;

4.      That Defendant be assessed a civil penalty under CWA section 309(d), 33 U.S.C. § 1319(d), for each day that he has been in violation of CWA section 301(a), 33 U.S.C. § 1311(a);

5. That the United States be awarded costs and disbursements in this action; and

6. That this Court grant the United States such other relief as the Court may deem just and proper.

Respectfully submitted,

JONATHAN D. BRIGHTBILL
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Gus Maxwell*
Gus Maxwell

*/s/ Brian S. Uholik*
Brian S. Uholik

U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-0135 (Maxwell)
(202) 305-0733 (Uholik)
gustavus.maxwell@usdoj.gov
brian.uholik@usdoj.gov

COMPLAINT - 11

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court on October 22, 2020, using the Court's electronic filing system, which will send notification of said filing to the attorneys of record that have, as required, registered with the Court's system.

*/s/ Gus Maxwell*
Gus Maxwell

COMPLAINT - 12